UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

REY CARTAS VELASQUEZ, ISAIAS GARCIA MATIAS, AUSENCIO DE LA RODAS, DANIEL FILADELFO PEREZ ORDONEZ, VICTOR JIMENEZ HERNANDEZ, ELOY GOMEZ JIMENEZ, MODESTO GOMEZ JIMENEZ, BONIFACIO JIMENEZ JIMENEZ, BARTOLO LOPEZ JIMENEZ, CATALINO JIMENEZ LOPEZ, CELESTINO JIMENEZ HERNANDEZ, NIRMAL CHAND, EDGAR CARASCO DE LOS SANTOS, DAVID CRUZ GUTIERREZ and AMABILIO SANTISO MORALES, individuals, Acting for Their Own and For the Interests of the General Public,

    Plaintiffs,

  v.

MOHAMMED KHAN, aka MOHAMMED NAWAZ KHAN, aka MOHAMMAD KHAN an Individual dba KHAN LABOR CONTRACTOR; HARBANS BATH; BALWINDER K. BRAR, RASHPAL S. PANU, HARBANS K. PANU; and RAMINDER K. BAINS,

    Defendants.

NO. CIV. S 01-0246 MCE DAD

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

----oo0oo----

Plaintiffs, who are migrant and seasonal farm workers, seek to recover, through the present action, damages for unpaid wages and substandard housing pursuant to the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1800, et seq. ("AWPA") and California laws governing payment of wages and employee housing.[1]  The matter came on for court trial on June 20, 2005, against Defendant Harbans Bath only, inasmuch as Plaintiffs had previously settled their claims against Defendants Rashpal Panu, Raminder Bains and Mohammad Khan.[2]  Mark Talamantes, Julia Montgomery and Jennifer Ambacher appeared on behalf of Plaintiffs.  No appearance was made on behalf of Defendant Bath.  After hearing the evidence and arguments, the Court makes the following Findings of Fact and Conclusions of Law.

**FINDINGS OF FACT**

1.  Between January and March of 2000, Plaintiffs Victor Jimenez Hernandez, Eloy Gomez Jimenez, Modesto Gomez Jimenez, Bonifacio Jimenez and Celestino Jimenez Hernandez worked for Defendant Mohammed Khan performing farm labor work in various fruit orchards located in Sutter and Yuba Counties, including

---

[1] While Plaintiffs' complaint also purports to state claims for unfair competition against Bath in violation of California Business and Professions Code § 17200, et seq., Plaintiffs did not offer any argument at trial with respect to § 17200.  In addition, Plaintiffs also did not assert, at trial, any entitlement to injunctive relief as against Defendant Bath.

[2] Plaintiffs were unable to serve another named defendant, Balwinder Brar, and consequently have dismissed their claims against Ms. Brar.

2

1 orchards located at 2615 Walnut Avenue in Marysville, and 9248
2 Garden Highway, 39 Sacramento Avenue, 1179 Messick Road, and the
3 northeast corner of Oak and Bellevue Avenues in Yuba City.
4    2.   Between March and June of 2000, Plaintiff Rey Cartas
5 Velasquez also worked for Khan at these same orchards.
6    3.   All six Plaintiffs identified in Findings of Fact Nos. 1
7 and 2 were migrant workers recruited from Arizona for employment
8 by Defendant Khan on a seasonal or other temporary basis.
9    4.   Defendant Harbans Bath owned and managed, during all
10 times relevant to this lawsuit, the Walnut, Sacramento, and
11 Oak/Bellevue Avenue orchards as described above.  In addition,
12 Defendant Bath also managed the Garden Highway and Messick Road
13 orchards on behalf of other family members who owned those
14 properties.
15    5.   Between 1998 and 2000, Defendants Khan and Bath had an
16 oral argument for the operation of the Garden Highway, Sacramento
17 Avenue, Oak/Bellevue, and Messick Road orchards pursuant to which
18 Khan would pay all expenses associated with crop production and
19 harvest in exchange for a sixty-five percent (65%) share of gross
20 crop proceeds.  Moreover, during all relevant times, Bath also
21 contracted with Khan to perform work at the Walnut Avenue
22 orchard.
23    6.   Khan has not been licensed or registered as a farm labor
24 contractor since 1997.
25    7.   Aside from one initial payment, Plaintiffs were not paid
26 for the farm labor services they performed.  Plaintiffs
27 complained to Khan about their failure to be paid, without avail.
28    8.   Khan failed to remit required deductions and employer

3

contributions for unemployment insurance, disability, social security, and federal unemployment insurance.

9. Khan failed to provide Plaintiffs with itemized wage statements.

10. Khan failed to maintain records concerning the payment of wages to Plaintiffs.

11. Unpaid wages owed to Plaintiffs, calculated with reference to the $5.75 per hour California minimum wage which applied in the year 2000, total as follows: $1688.40 each to Bonifacio Jimenez Jimenez, Eloy Gomez Jimenez and Victor Jimenez Hernandez; $1541.00 to Modesto Gomez Jimenez; $935.30 to Celestino Jimenez Hernandez and $1384.00 to Rey Cartas Velasquez.

10. During the tenure of Plaintiff Rey Cartas Velasquez' employment with Khan, Khan arranged for Velasquez to be housed in a mobile home located at one of the properties managed by Defendant Bath, the Messick Road orchard managed by Defendant Bath. That housing was in grossly substandard condition.

**CONCLUSIONS OF LAW**

**A. AWPA Violations.** The AWPA was enacted in 1982 to provide migrant and seasonal agricultural workers with protections concerning housing, pay and work related conditions. While Plaintiffs were hired by Defendant Khan, it is uncontroverted that Khan had a business arrangement with Defendant Bath for operation of four of the five orchards either owned or managed by Bath that entailed a percentage split of

4

gross harvest proceeds.  Under the terms of that oral agreement for operation of the orchards, Bath furnished the orchard itself and Khan provided the labor and materials to grow and harvest the orchard crops.  Because of this business arrangement, both Khan and Bath are considered joint employers under the provisions of the AWPA (*See* 29 C.F.R. § 500.20(h)(5)), and both are jointly and severally liable for any resulting violations.  Id.

With respect to all Plaintiffs enumerated above in Findings of Fact Nos. 1 and 2, the following AWPA violations have been established:

1. Failure to pay wages owed when due (29 U.S.C. § 1822(a));

2. Failure to provide each worker with an itemized pay statement (29 U.S.C. § 1821(d)(2));

3. Failure to make, keep and preserve payroll records for each worker for each pay period (20 U.S.C. § 1821(d)(1));

4. Violating, without justification, the terms of any working arrangement with a worker (29 U.S.C. § 1822©)).

In addition, with respect to Plaintiff Rey Cartas Velasquez, Defendant Bath has also violated 29 U.S.C. § 1823(a), which requires that anyone owning or controlling a facility used for housing migrant agricultural workers "shall be responsible for ensuring that the facility... complies with substantive Federal and State safety and health standards applicable to that housing."  Evidence established at trial showed plainly that the trailer on the Messick Road property in which Plaintiff Velasquez was housed did not satisfy such requirements.  Bath managed that property and hence had control over the housing conditions present there.

1    29 U.S.C. § 1854(c) provides that Plaintiffs may be awarded
2 damages, of up to $500.00 per plaintiff per violation, for
3 intentional violations of the AWPA.  It cannot be disputed that
4 Defendant Khan's failure to pay Plaintiffs their wages due was
5 intentional in nature, and as a joint employer Defendant Bath is
6 responsible for that intentional failure.  Moreover, Defendant
7 Bath's failure to provide lawful housing to Plaintiff Velasquez
8 must also be deemed intentional under the circumstances.
9    Consequently Plaintiffs Victor Jimenez Hernandez, Eloy Gomez
10 Jimenez, Modesto Gomez Jimenez, Bonifacio Jimenez and Celestino
11 Jimenez Hernandez are each entitled to statutory damages of
12 $2000.00 under the AWPA.  Plaintiff Rey Cartas Velasquez is
13 entitled to $2500.00 in such damages.

15    **2.   Violations of California Wage and Employee Housing**
16 **Requirements.**  California Labor Code § 1695.7(a)(1) requires a
17 farm labor contractor to provide a copy of his or her currently
18 valid state license to a grower before entering into any
19 agreement for the provision of labor or services for the grower.
20 Pursuant to subdivision (c)(2) of the statute, any grower who
21 enters into a contract in violation of that requirement is liable
22 for claims stemming from the violation of any state law committed
23 by the unlicensed farm labor contractor, including violations of
24 wage and housing requirements.  In this case, it is undisputed
25 that Defendant Khan had not had been licensed or registered as a
26 farm labor contractor since 1997, which meant that he was
27 unlicensed at the time he began doing business with Defendant
28 Bath the following year.  Consequently Defendant Bath is liable

6

for Khan's omissions under California law.

Under California Labor Code § 1194, Plaintiffs are entitled to recover by way of a civil action the unpaid balance of minimum wage due.  The California minimum wage during the year 2000 was $5.75 per hour.  Using those figures, Plaintiffs presented testimony at trial which supported lost wages for each Plaintiff as summarized in Findings of Fact No. 11, above.  In addition to those wages, Plaintiffs are also entitled to liquidated damages in an amount equal to the wages unlawfully unpaid, along with interest thereon.  Cal. Labor Code § 1194.5. Consequently, the following liquidated damages shall be awarded: $1913.13 each to Bonifacio Jimenez Jimenez, Eloy Gomez Jimenez and Victor Jimenez Hernandez ($1688.40 in unpaid wages and $224.73 in interest); $1815.86 to Modesto Gomez Jimenez ($1541.00 in unpaid wages and $274.86 in interest); $1094.27 to Celestino Jimenez Hernandez ($935.30 in unpaid wages and $158.97 in interest) and $1568.21 to Rey Cartas Velasquez ($1384.00 in unpaid wages and $184.21 in interest).

California Labor Code § 1174.5 further provides that any person who willfully fails to keep itemized wage records shall be subject to a civil penalty of $500.00.  Defendant Khan's failure to keep such records exposes Defendant Bath to liability as discussed above and entitles all six Plaintiffs to that statutory penalty from Bath.

Plaintiffs are also entitled to waiting time penalties under California law as a result of Defendant Khan's failure to pay Plaintiffs on a timely basis.  Pursuant to California Labor Code § 203, an employer owes an amount, in addition to unpaid wages,

1  equal to the employee's daily wages for each day, up to 30, that
2  said wages remain unpaid.  Defendant Bath is also liable for
3  those penalties pursuant to Labor Code § 1695.7(c)(2).
4  Plaintiffs produced evidence at trial, through the testimony of
5  Gleida Ortega, as to the calculation of those penalties.
6  Accordingly, additional penalties under Labor Code § 203 are
7  awarded to each Plaintiff enumerated within Findings of Fact Nos.
8  1 and 2 in the amount of $1380.00.

9       While Plaintiffs also sought to recover additional damages
10 under Labor Code § 226 for failure to provide pay stubs, and
11 attempted to establish their entitlement to such damages through
12 the testimony of Ms. Ortega, no adequate explanation was provided
13 as to the basis for those claimed damages.  In the absence of
14 such explanation, Plaintiffs' request for damages under Labor
15 Code § 226 is denied.

16      Finally, Plaintiff Rey Cartas Velasquez seeks damages
17 against Defendant Bath for violations of the California Employee
18 Housing Act, Health and Safety Code §§ 17000, et seq. ("EHA").
19 Although the Ninth Cause of Action, for EHA violations as a
20 result of the Messick Avenue accommodations, is on its face
21 asserted only against Mohammad Khan and former defendant
22 Balwinder Brar (the owner of record for the property and Mr.
23 Bath's daughter), California Labor Code § 1695.7(c)(2), as
24 aforestated, provides that a grower who enters into a contract
25 with an unlicensed farm labor contractor shall be subject to a
26 civil action for all claims alleging, *inter alia*, state housing
27 violations.  It is undisputed in this case that Defendant Bath
28 entered into the agreement with Mr. Khan for management of the

Messick Road orchard and hence is subject to liability, as stated above, not only for wage but also for housing violations as a result of Khan's conduct.

Plaintiff Rey Cartas Velasquez testified that Defendant Khan indeed arranged for the Messick Road housing.  California Health and Safety Code § 17061(a) provides that any person who either violates, or causes another person to violate, the EHA is subject to a civil penalty up to $10,000.00 is such violation is determined to be willful.  Here, as indicated above, the Court finds that the Messick Road mobile home, where Khan arranged for Mr. Velasquez to be housed, was in a grossly substandard condition.  That housing was in plain contravention of EHA's provisions,[3] and the Court finds Mr. Khan's conduct in arranging for that housing to be willful.  Defendant Bath is accordingly liable for a penalty in the amount of $10,000.00 as a result of the accommodations to which Rey Cartas Velasquez was subjected.

In sum, this Court finds in favor of Plaintiffs Victor Jimenez Hernandez, Eloy Gomez Jimenez, Modesto Gomez Jimenez, Bonifacio Jimenez, Celestino Jimenez Hernandez, and Rey Cartas Velasquez as follows, and judgment shall be entered in favor of each Plaintiff and against Defendant Harbans Bath as follows:

| | |
|---|---|
| Victor Jimenez Hernandez: | $7,481.53 |
| Eloy Gomez Jimenez: | $7,481.53 |
| Modesto Gomez Jimenez: | $7,236.86 |
| Bonifacio Jimenez: | $7,481.53 |

---

[3] Under Health and Safety Code § 17001, employee housing must comply with state building standards, which the Messick Road mobile home clearly did not.

9

```
    Celestino Jimenez Hernandez:        $5,909.57
    Rey Cartas Velasquez:               $17,332.21


    TOTAL:                              $52,923.23
```

Any request for attorney's fees by Plaintiffs, as the prevailing parties herein, shall be made pursuant to Local Rule 54-293.

IT IS SO ORDERED.

DATED: July 11, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE