UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

REY CARTAS VELASQUEZ, ISAIAS GARCIA MATIAS, AUSENCIO DE LA RODAS, DANIEL FILADELFO PEREZ ORDONEZ, VICTOR JIMENEZ HERNANDEZ, ELOY GOMEZ JIMENEZ, MODESTO GOMEZ JIMENEZ, BONIFACIO JIMENEZ JIMENEZ, BARTOLO LOPEZ JIMENEZ, CATALINO JIMENEZ LOPEZ, CELESTINO JIMENEZ HERNANDEZ, NIRMAL CHAND, EDGAR CARASCO DE LOS SANTOS, DAVID CRUZ GUTIERREZ and AMABILIO SANTISO MORALES, individuals, Acting for Their Own and For the Interests of the General Public,

    Plaintiffs,

  v.

MOHAMMED KHAN, aka MOHAMMED NAWAZ KHAN, aka MOHAMMAD KHAN an Individual dba KHAN LABOR CONTRACTOR; HARBANS BATH; BALWINDER K. BRAR, RASHPAL S. PANU, HARBANS K. PANU; and RAMINDER K. BAINS,

    Defendants.

NO. CIV. S 01-0246 MCE DAD

**ORDER GRANTING ATTORNEYS' FEES AND LITIGATION EXPENSES**

----oo0oo----

After all appearing defendants in this action, except for Defendant Harbans Bath, either settled or agreed to a stipulated judgment, the case proceeded to a court trial against Defendant Bath on June 20, 2005. No appearance was made on behalf of Defendant Bath at trial, and pursuant to Findings and Fact and Conclusions of Law filed July 11, 2005, judgment against Bath in the amount of $52,923.23 was rendered in favor of Plaintiffs Victor Jimenez Hernandez, Eloy Gomez Jimenez, Modesto Gomez Jimenez, Bonifacio Jimenez, Celestino Jimenez Hernandez, and Rey Cartas Velasquez ("Plaintiffs"). Plaintiffs now move for attorneys' fees and litigation expenses against Bath pursuant to California Labor Code §§ 218.5 and 1194(a), as well as California Code of Civil Procedure § 1021.5. That motion has not been opposed.

Although the above-enumerated statutes do unquestionably entitle Plaintiffs, as the prevailing party in this litigation, to attorneys' fees, the amount of those fees is limited by the cited California Labor Code sections to a "reasonable" amount. Further, under Code of Civil Procedure § 1021.5, California's private attorney general statute, the court has broad discretion to determine the amount of a *reasonable* fee award. See In re Gorina, 296 B.R. 23 (C.D. Cal. 2002); Gregory v. State Bd. Of Control, 73 Cal. App. 4th 584 (1999).

To determine a reasonable fee award, courts typically use the "lodestar" method for calculating attorney's fees. Under the

lodestar method, a court multiplies the number of hours the prevailing attorneys reasonably expended on the litigation by a reasonable hourly rate. See <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983); <u>see also</u> <u>Ketchum v. Moses</u>, 24 Cal. 4th 1122, 1132, 104 Cal. Rptr. 2d 377, 384 (2001)(expressly approving the use of prevailing hourly rates as a basis for the lodestar). Courts may then adjust the lodestar to reflect other particular aspects of a case. See <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67, 70 (9th Cir. 1975); <u>see also</u> <u>Serrano v. Priest</u>, 20 Cal. 3d 25, 141 Cal. Rptr. 315 (1977). When deciding whether to adjust the lodestar, courts often use the following twelve factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

<u>Kerr</u>, 526 F.2d at 69-70.

In calculating the initial lodestar figure, the Court first turns to the number of hours billed. Because this motion is unopposed, and because Plaintiffs' counsel has submitted detailed documentation to support the hours billed, the Court accepts the hours claimed, which include 560.7 hours of attorney time and another 471.25 hours in staff time. That does not end the inquiry, because the

3

Court must next address the reasonableness of the claimed hourly rate, which is at two different levels for the five attorneys who participated in this case on behalf of Plaintiffs, and which also includes a separate rate for paralegal/law clerk hours expended.

Courts generally calculate reasonable hourly rates according to the prevailing market rates in the relevant legal community. Blum v. Stenson, 465 U.S. 886, 895, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984). The general rule is that courts use the rates of attorneys practicing in the forum district, here, the Eastern District of California located in Sacramento, California. Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1993); Davis v. Mason County, 927 F.2d 1473, 1488 (9th Cir. 1991), cert. denied, 502 U.S. 899, 112 S. Ct. 275, 116 L. Ed. 2d 227 (1991).

The burden is on the fee applicant to produce satisfactory evidence that the requested rates are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum, 465 U.S. at 895 n.11. A court will normally deem a rate determined in this way to be reasonable. Id.

The rate claimed by Plaintiffs for hours charged by attorney Mark Talamantes, who has eight years' experience representing low-income and immigrant workers (Plaintiffs' Points and Authorities, 3:21-23) is $350/hour. An hourly rate of $350 is also sought for Julia Montgomery, who has experience similar to that of Mr. Talamantes. $250/hour is requested for the other three attorneys who participated in

4

this case on behalf of Plaintiffs (Jennifer Ambacher, Daniel Torres and Jennifer Reisch), although all three of those individuals have been lawyers for less than three years. Finally, time spent by paralegal Juanita Ontiveros and law clerk Luis Alejo, which has also been deemed compensable (see Guinn v. Dotson, 23 Cal. App. 4th 262, 267-70 (1994)) is claimed at a rate of $100/hour.

In support of the rates claimed, Plaintiffs have submitted several declarations. In his declaration, Plaintiffs' attorney Mark Talamantes[1] identifies two out-of-district cases as a result of which he was awarded fees at the rate here requested of $350/hour. Because fees should be awarded based on the prevailing rates in this district, however (Deukmejian, 987 F.2d at 1405), any rates awarded by the Central or Northern Districts of California are not germane to a fee entitlement here in the Eastern District of California.

Aside from the Talamantes Declaration, the only other Declaration submitted by a Sacramento attorney[2] is from

---

[1] As far as can be ascertained from Plaintiffs' papers, all of the attorneys and staff who worked on this case on Plaintiffs' behalf, including Mr. Talamantes, are affiliated with the California Rural Legal Assistance Foundation, whose offices are here in Sacramento.

[2] While Plaintiffs do submit a lengthy declaration from Richard Pearl, a sole practitioner in the San Francisco Bay Area, he cites no fee awards arising within the Eastern District further does not identify any law firm hourly rates as stemming from the Sacramento region. While Mr. Pearl claims generally to "have some familiarity with Sacramento rates", and goes on to conclude that the rates claimed here "seem to be within the range
(continued...)

1  Jason Rabinowitz.  Mr. Rabinowitz, whose eight years of
2  experience is similar to that of Mr. Talamantes, states that
3  his current billing rate for individual employment cases is
4  $300/hour.  (Rabinowitz Decl., ¶ 8).  He goes on to state
5  that billing rates at his firm for such work range from $250
6  to $350 per hour, and believes that market rates in
7  Sacramento range from $250 to $375 per hour for attorney
8  time.  In addition, while Rabinowitz claims that paralegal
9  rates range between $95.00 and $110.00, he states nothing
10 about compensable rates for a student law clerk like Mr.
11 Alejo.

12  On the basis of the Rabinowitz Declaration, Plaintiffs
13 have not established entitlement to attorneys' fees in
14 excess of $300/hour for time expended by either Mark
15 Talamantes or Julia Montgomery.  In addition, because the
16 Court's own experience leads it to conclude that compensable
17 rates for that work should not exceed $300/hour in this
18 district, Plaintiffs' fee recovery shall be limited
19 accordingly.[3]  Moreover, given the fact that the other
20 three attorneys working on this case (Daniel Torres,
21 Jennifer Reisch and Jennifer Ambacher) all have been
22 practicing lawyers for less than three years, the Court

---

[2](...continued)
of rates charged for comparable work by comparably qualified
Sacramento attorneys", he otherwise provides no evidence in
support of those propositions.

[3]With respect to Mark Talamantes, the actual time documented
is for 444.7 hours rather than 445, as requested in Plaintiffs'
Memorandum of Points and Authorities.  The reimbursement amount
has been adjusted to reflect that time discrepancy.

believes that the amount requested by Plaintiffs for their services, at $250/hour, is excessive. $200/hour will instead be allowed as to both Mr. Torres and Mr. Reisch. The claim for Jennifer Ambacher's fees is denied at this time, without prejudice, because the documentation to support that claim is insufficient.[4]

With respect to compensation for legal staff expenditures, Juanita Ontiveros' paralegal services at the rate of $100/hour are awarded as requested. Plaintiffs have presented no evidence to support an allowable rate of $100/hour for time expended by a student law clerk (Luis Alejo), however, and compensation for that time will be established at $50/hour.

Multiplying the hourly rates permitted by the court by the total time expended by Plaintiffs' attorneys and office staff yields a total lodestar figure of $192,555.00.

---

[4] First, Plaintiffs' Points and Authorities refer to 57.4 hours spent by Ms. Ambacher at a claimed rate of $250/hour. That computation does not yield the total amount sought for Ambacher (at $10,292.50). Examination of Ms. Ambacher's time records, as attached to the Declaration of Julia Montgomery, in fact refer to some of the claimed time billed at $100/hour. The Montgomery Declaration, at ¶ 9, states that Ms. Ambacher began working for the California Rural Legal Assistance Foundation in September of 2004, and did not become licensed as an attorney until February of 2005. The Court cannot determine absent conjecture in what capacity Ms. Ambacher worked on this case before February of 2005. In addition, although the Montgomery Declaration refers to Ms. Ambacher's admission to the bar in February of 2005, at least one of the entries billed at a lower rate is from that time period. Finally, no explanation is provided as to why Ms. Ambacher's bar admission occurred in February of 2005 which is outside the customary time parameters for bar admission. For all these reasons, there are too many unresolved issues with respect to Ms. Ambacher to allow recovery for her time at this juncture.

7

Plaintiffs next asks this Court to apply a 1.2 multiplier to the lodestar figure under FEHA. To the extent that a party seeks a fee enhancement, it bears the burden of proof. Ketchum v. Moses, 24 Cal. 4th 1122, 1138, 104 Cal. Rptr. 2d 377 (2001). Nothing requires a trial court to include a fee enhancement to the basic lodestar figure for contingent risk, exceptional skill, or other factors. See id. Courts simply retain the discretion to do so in the appropriate case. See id.

Plaintiffs' argument in support of a fee enhancement in this case is limited to the claim that the California Rural Legal Assistance Foundation, as a non-profit organization with limited resources, took a risk in litigating this case. While that may be true, in the view of this Court nothing otherwise about the case was particularly novel, difficult or complex. Consequently the Court declines to enhance the lodestar amount (as enumerated above) through the multiplier advocated by Plaintiffs.

In addition to attorneys' fees, Plaintiffs also request reimbursement for certain expenses in addition to their statutorily recoverable costs. Such expenses may be recouped to the extent they "would normally be charged to a paying client." Harris v. Marhoefer, 24 F.3d 16, 19 (9th Cir. 1994). The Court concludes that the costs claimed herein ($2,249.12) are reasonable and will be awarded.

In sum, for the reasons stated above, Plaintiffs' Motion for

//

//

attorneys' fees and litigation expenses is GRANTED, in part.[5] Plaintiffs' reasonable attorney's fees are $192,555.00 and their reasonable litigation expenses (in addition to any costs recoverable by statute) are $2,249.12. Those amounts, which total $194,804.12, shall be paid by Defendant Harbans Bath.

    IT IS SO ORDERED.

DATED: September 28, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[5] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument. E.D. Local Rule 78-230(h).